FILED
SIXTH JUDICIAL CIRCUIT

3/14/2022 9:17 AM
By: AL

Susan W. McGrath
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

IN THE CIRCUIT COURT
FOR THE SIXTH JUDICIAL CIRCUIT OF ILLINOIS
CHAMPAIGN COUNTY

| | |
|---|---|
| MIKOLAJ KAMINSKI, | ) |
| Plaintiff, | ) 2022LA000031 |
| vs. | ) JURY DEMAND |
| MENARD, INC. a Foreign, Corporation, (d/b/a Menards), | ) |
| Defendant. | ) |

**Complaint at Law**

NOW COMES the Plaintiff, MIKOLAJ KAMINSKI, by and through his attorneys, Spiros Law, P.C., and for his Complaint against the Defendant, MENARD, INC., a Foreign Corporation, (d/b/a Menards), (hereinafter "MENARDS"), alleges and states as follows:

**Common Allegations**

1. At all times relevant, the Defendant, MENARDS, was a foreign corporation in the State of Illinois with its principal place of business in Eau Claire, Wisconsin.

2. At all times relevant, the Defendant, MENARDS, was doing business in the State of Illinois pursuant to 735 ILCS 5/2-209(b)(4).

2. On or about June 20, 2020, the Plaintiff, MIKOLAJ KAMINSKI, was a resident of Champaign County, Illinois.

3. On or about June 20, 2020, the Defendant, MENARDS, owned, possessed, controlled, and/or maintained, the Menards store located at or near 620 West Town Center Blvd., Champaign, Champaign County, Illinois 68122.

4. On or about June 20, 2020, the Plaintiff, MIKOLAJ KAMINSKI, was a patron of Defendant MENARDS', aforementioned store located at 620 West Town Center Blvd., Champaign, Champaign County, Illinois 68122.

5. On or about June 20, 2020, Plaintiff, MIKOLAJ KAMINSKI, was lawfully walking between the cash registers and the exit doors of the aforementioned store.

6. On or about June 20, 2020, bags filled with salt had been stacked in the area between the cash registers and the exit doors of the aforementioned store.

7. At all times relevant, the aforementioned area between the cash registers and exit doors had heavy foot traffic, including patrons and employees walking through the area.

8. On or about June 20, 2020, while walking between the cash registers and the exit doors at the aforementioned store, Plaintiff, MIKOLAJ KAMINSKI, was caused to fall as a result of defective and/or ill-maintained, spilled salt on the flooring surface from torn, spilled bags of salt.

9. At all times relevant, Plaintiff, MIKOLAJ KAMINSKI, was unaware that the salt was spilled on the floor, or that the flooring surface was otherwise defective and/or ill-maintained such that it caused a risk of harm to his person.

### Count I
### Premises Liability
Kaminski v. Menard, Inc. (d/b/a Menards)

1-9. Plaintiff, MIKOLAJ KAMINSKI, herein realleges and incorporates paragraphs 1 through 9 of the Common Allegations as paragraphs 1 through 9 of Count I.

10. At all times relevant, Defendant, MENARDS, by and through its agents and/or employees, knew or should have known that the aforementioned bags of salt had been torn

115

open and had spilled on the floor of the aforementioned store between the cash registers and exit doors such that it caused an unreasonable harm to others.

11. At all times relevant hereto, there was in force and effect an act known as the Premises Liability Act, 740 ILCS 130/2, which imposed upon the Defendant, MENARDS, the duty to maintain the premises in a reasonably safe condition for use by is patrons, including the Plaintiff, MIKOLAJ KAMINSKI.

12. In violation of the aforementioned duty, the Defendant, MENARDS, was guilty of one or more of the following negligent acts and/or omissions constituting negligence:

    a. failed to maintain its property in a reasonably safe condition for the use of those persons lawfully on its premises and those persons reasonably anticipated to be on its premises, namely, the Plaintiff, MIKOLAJ KAMINSKI, pursuant to 740 ILCS 130/2;

    b. failed to provide a reasonably safe means of ingress, egress, or regress within its store by allowing torn bags of salt to spill across the floor between the cash registers and the exit doors;

    c. allowed an unreasonably dangerous condition to exist on its premises in the form of torn bags of salt which had spilled across the floor, posing a tripping and slipping hazard to patrons walking between the cash registers and the exit doors;

    d. failed to correct and remove the unsecure torn bags of salt, or the spilled salt across the floor near and around the area between the cash registers and the exit doors, and permitted the torn bags of salt and the spilled salt on the floor to become and remain in a dangerous condition, thereby presenting a hazard to those persons MENARDS reasonably anticipated to be walking in and around the area between the cash registers and the exit doors;

    e. allowed patrons to frequent said store, when it knew, or in the exercise of ordinary care and causation, should have known that it was highly dangerous and unsafe to do so, due to the existence of torn bags of salt and spilled salt in the area between the cash registers and the exit doors.

13. On or about June 20, 2020, as a direct and proximate result of one or more of

the aforementioned negligent acts, the Plaintiff, MIKOLAJ KAMINSKI, was caused to fall and injure his person.

14. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions, the Plaintiff, MIKOLAJ KAMINSKI, suffered severe and permanent injuries to his shoulder and arm, which have caused, and will continue to cause, pain and emotional suffering; and the Plaintiff was caused to expend, and in the future will be compelled to expend large sums of money for medical care in endeavoring to be cured of said injuries; and the Plaintiff has been, and in the future will be prevented from attending to his usual affairs and duties.

15. At the time of the events described herein, Plaintiff, MIKOLAJ KAMINSKI, was gainfully employed and as a further proximate result of the negligence of the Defendant, MENARDS, Plaintiff was prevented from attending to his usual occupation and has been damaged in an exact amount of which is unknown at the present time.

WHEREFORE, Plaintiff, MIKOLAJ KAMINSKI, prays that this court render a judgment in favor of Plaintiff and against Defendant, MENARDS, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus his costs of suit and any other relief that this Court deems equitable and just.

### Count II
### Negligence
Kaminski v. Menard, Inc. (d/b/a Menards)

1-9. Plaintiff, MIKOLAJ KAMINSKI, herein realleges and incorporates paragraphs 1 through 9 of the Common Allegations as paragraphs 1 through 9 of Count II.

10. At all times relevant hereto, Defendant, MENARDS, had a duty by and through its agents, servants, and employees, to maintain the walking area with due care and in such a

manner so as not to cause injury or damage to other individuals walking in the area between the cash registers and the exit doors, including to Plaintiff, MIKOLAJ KAMINSKI.

11. In violation of the aforementioned duty, the Defendant, MENARDS, was guilty of one or more of the following negligent acts and/or omissions constituting negligence:

   a. stacked bags of salt that became torn and spilled in an area where pedestrians and/or patrons of the store were congregating and/or walking;

   b. failed to correct or remove the torn and spilled bags of salt and permitted the spilled salt to become and remain in a dangerous condition, thereby presenting a hazard to those persons MENARDS reasonably anticipated to be walking in and around the exit doors and cash registers; and/or

   c. failed to adequately warn patrons lawfully on its premises and those persons reasonably anticipated to be on its premises, namely Plaintiff MIKOLAJ KAMINSKI, of the spilled salt and the tripping and/or slipping hazard it created.

12. On or about June 20, 2020, as a direct and proximate result of one or more of the aforementioned negligent acts, the Plaintiff, MIKOLAJ KAMINSKI, was caused to fall and injure his person.

13. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions, the Plaintiff, MIKOLAJ KAMINSKI, suffered severe and permanent injuries to his shoulder and arm, which have caused, and will continue to cause, pain and emotional suffering; and the Plaintiff was caused to expend, and in the future will be compelled to expend large sums of money for medical care in endeavoring to be cured of said injuries; and the Plaintiff has been, and in the future will be prevented from attending to his usual affairs and duties.

14. At the time of the events described herein, Plaintiff, MIKOLAJ KAMINSKI, was

gainfully employed, and as a further proximate result of the negligence of the Defendant, MENARDS, Plaintiff was prevented from attending to his usual occupation and has been damaged in an exact amount of which is unknown at the present time.

WHEREFORE, Plaintiff, MIKOLAJ KAMINSKI, prays that this court render a judgment in favor of Plaintiff and against Defendant, MENARDS, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus his costs of suit and any other relief that this Court deems equitable and just.

MIKOLAJ KAMINSKI, Plaintiff,

By: /s/ Alison D. Kimble
Of Spiros Law, P.C.

Alison D. Kimble, No. 3269
akimble@spiroslaw.com
Spiros Law, P.C.
2807 N. Vermillion, Suite 3, Danville, IL 61832
Telephone: 217.443.4343

119